**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| Steve Streit d/b/a S & S Motors )<br> )<br> Plaintiff, )<br> )<br>vs. )<br> )   Case No. 5:10cv004086-KHV-DJW<br>Snap-on Equipment, Inc. )<br> )<br> Defendant. ) | |

**SNAP-ON EQUIPMENT, INC.'S BRIEF IN SUPPORT**
**OF ITS MOTION TO DISMISS FOR IMROPER VENUE**

Defendant Snap-On Equipment, Inc. files this Brief in Support of its Motion to Dismiss for Improper Venue and presents the following issue for the Court's determination:

1. A forum selection clause is prima facie valid and should be enforced unless unreasonable. The contract at issue contains a mandatory forum selection clause that requires any lawsuit stemming from the contract or transaction at issue "shall be taken only in the courts of the State of Wisconsin." Should the matter therefore be dismissed for improper venue?

Venue is improper in this Court and the matter should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. The January 17, 2008 contract agreed to and signed by the plaintiff and the defendant (the "Contract") contains an express and mandatory venue selection provision requiring that any lawsuit filed in relation to the contract or transaction be brought only in Wisconsin. The clause is reasonable in that Snap-on Equipment's corporate headquarters are located in Wisconsin and the agreement was accepted in Wisconsin. The forum selection clause is therefore reasonable and dismissal is appropriate pursuant to Rule 12(b)(3).

**ARGUMENT**

**1. The mandatory forum selection clause requires dismissal.**

When plaintiff Steve Streit signed the Contract (attached as **Exhibit 1**) he acknowledged

2714305.2

and affirmed the following statement:

> BUYER ACKNOWLEDGES THAT IT HAS READ THIS SALE AGREEMENT, UNDERSTANDS IT AND AGREES TO BE BOUND BY THE TERMS AND CONDITIONS SET FORTH ON PAGES 1 AND 2 SIDES HERE OF, INCLUDING WARRANTY, DISCLAIMER, AND LIMITATION OF LIABILITY.[1]

Page 2 of the agreement contains several terms and conditions which govern the transaction. One of these provisions is a mandatory forum selection clause which states in relevant part:

> BUYER FURTHER AGREES THAT ANY ACTION TAKEN BY BUYER AGAINST SELLER RELATING TO THIS AGREEMENT OR ANY PROVISIONS, RIGHTS OR REMEDIES HEREOF SHALL BE TAKEN ONLY IN THE COURTS OF THE STATE OF WISCONSIN AND SHALL NOT BE TAKEN IN ANY OTHER JURISDICTION.[2]

This clause is an express part of the written agreement of the parties and is enforceable. The plaintiff affirmed that he read this clause and explicitly agreed to be bound by it.

### a. The forum selection clause is part of the agreement.

While the interpretation of a forum selection clause is determined by the application of federal law, a federal court sitting with diversity jurisdiction must first apply state law to determine if the forum selection clause is part of the contract.[3] Because this is a diversity action, the Court must first determine which state's law applies.

A federal court with diversity jurisdiction applies the conflict of law provisions of the forum state.[4] Kansas follows the *lex loci contractus* rule and applies the law of the jurisdiction where the contract is made.[5] The agreement stipulates that the contract is deemed to have been

---

[1] *See*, **Exhibit 1,** pg. 1, above Plaintiff's signature. (caps in original).

[2] *See,* **Exhibit 1**, bottom of pg. 2 (caps in original).

[3] *Black & Veatch Const., Inc. v. ABB Power Generation, Inc.*, 123 F.Supp.2d 569, 577 (D.Kan. 2000).

[4] *Heatron, Inc. v. Shackelford*, 898 F.Supp. 1491, 1499 (D.Kan. 1995)

[5] *Id.*

2714305.2

made in Kenosha, Wisconsin.[6]  Therefore, Wisconsin law applies to this matter.[7]

Wisconsin law holds that a party is not excused from terms of a contract simply by its failure to read the contract.[8]  Wisconsin also recognizes the validity of forum selection clauses.[9]

In his Petition, Mr. Streit alleges that he was not provided a copy of the terms and conditions, and that the back of the sheet he signed was blank with no additional terms.[10]  But his position now in litigation is wholly inconsistent with the affirmation he signed in the Contract, which explicitly states that he read, understood and agreed to be bound by the terms and conditions set forth on pages 1 **and 2** of the Contract.  Mr. Streit affirmatively stated in January 2008 that he read, understood and agreed to be bound by not just by terms and conditions on page 1, but also those on page 2.  How and why would he have done so, unless he received page 2?  His affirmation shows that before experiencing any alleged problem with the equipment, and before instituting this suit, Mr. Streit told Snap-on and everyone else via his written acknowledgement that he had read, understood and agreed to be bound by the Contract, including the forum selection clause.  It is therefore part of the parties' agreement and he is presumed to have understood these terms.[11]

---

6 **Exhibit 1**.

7 Although Wisconsin law applies, it does not appear to differ from Kansas in that both jurisdictions hold that failure to read a contract and understand its terms does not excuse performance, and both jurisdictions enforce forum selection clauses.  *Compare*, *Albers v. Nelson*, 248 Kan. 575, 578, 809 P.2d 1194 (1991) with *Pietroske*, *infra*, n.8 (failure to read contract); and *Vanier v. Ponsoldt*, 251 Kan. 88, 99, 833 P.2d 949 (1992) with *Beilfuss*, *infra,* n.9 (enforceability of forum selection clauses).

8 *Pietroske, Inc. v. Globalcom, Inc.* 275 Wis.2d 444, 454, 685 N.W.2d 884, 889 (Wis. Ct. App. 2004) ("Failure to read a contract, particularly in a commercial contract setting, is not an excuse that relieves a person from the obligations of the contract.").

9 *Beilfuss v. Huffy Corp.* 274 Wis.2d 500, 509, 685 N.W.2d 373, 378 (Wis. Ct. App. 2004)  ("[A] forum selection clause is enforceable unless the contract provision is substantively unreasonable in view of the bargaining power of the parties.").

10 Petition, ¶ 14.

11 *Stockinger v. Central Nat. Ins. Co.* 24 Wis.2d 245, 252, 128 N.W.2d 433, 437 (1964)  (Recognizing the long-standing rule that the signing of an instrument raises a strong presumption that its contents are understood by the signer.).

2714305.2

**b.     The forum selection clause is valid and should be enforced.**

Forum selection clauses are *prima facie* valid and should be enforced unless it would be unreasonable to do so.[12]  The forum selection clause at issue is a mandatory clause because it requires the parties to file any lawsuit concerning the contract in the State of Wisconsin and lawsuits "shall not be taken in any other jurisdiction."[13]

Enforcement of the clause is reasonable because Snap-on Equipment's corporate headquarters are located in Wisconsin and the contract was accepted in Wisconsin.  Because Wisconsin bears a reasonable relationship to this dispute, and the clause is mandatory, the Court should enforce the provision.

And dismissal is the only available remedy.  The forum selection clause states that litigation may be brought "only in the Courts of the State of Wisconsin and shall not be taken in any other jurisdiction."  The phrase "Courts of the State of Wisconsin" does not include federal courts.[14]  Because this matter may only be brought in Wisconsin state court, this Court lacks jurisdiction to transfer the matter and dismissal pursuant to Rule 12(b)(3) is the only available and appropriate remedy.

WHEREFORE, Snap-on Equipment, Inc. requests the Court grant its Motion to Dismiss for Improper Venue and award Snap-on Equipment, Inc. all other relief it is justly entitled.

---

12 *Milk "N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) citing, *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916 (1972).

13 *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.* 428 F.3d 921, 926 (10th Cir. 2005) (recognizing that a forum selection clause is mandatory if it precludes litigation in any other jurisdiction.).

14 *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.* 428 F.3d 921, 926 (10th Cir. 2005) (holding that forum selection clause which mandated venue in "Courts of the State of Colorado" meant state courts and excluded the federal court system.).

2714305.2

        Respectfully submitted,

        POLSINELLI SHUGHART PC

        By:_____s/ Jay E. Heidrick_____
          GREG L. MUSIL     KS #13398
          JAY E. HEIDRICK    KS #20770
          6201 College Boulevard, Suite 500
          Overland Park, KS  66211
          (913) 451-8788
          Fax No. (913) 451-6205
          gmusil@polsinelli.com
          jheidrick@polsinelli.com

          ATTORNEYS FOR DEFENDANT
          SNAP-ON EQUIPMENT, INC.

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on July 30, 2010 he filed the foregoing with the ECF system which automatically sent a copy via email to:

Terry D. Criss, Esq.
Hampton & Royce, L.C.
119 W. Iron, Ninth Floor
P.O. Box 1247
Salina, Kansas 67402-1247
ATTORNEYS FOR PLAINTIFF

          _____s/ Jay E. Heidrick_____

2714305.2