IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVE STREIT D/B/A/ S & S MOTORS,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SNAP-ON EQUIPMENT, INC.,  )<br>)<br>Defendant.  )<br>_____)  | CIVIL ACTION<br><br>No. 10-4086-KHV-DJW |

## MEMORANDUM AND ORDER

In the District Court of Saline County, Kansas, Steve Streit d/b/a S & S Motors brought this action for breach of contract and breach of warranties, and violation of the Kansas Consumer Protection Act ("KCPA" or "Act"), against Snap-on Equipment, Inc. See Petition attached to Notice Of Removal (Doc. #1) (hereinafter "Petition"). Snap-on removed the case to federal court based diversity jurisdiction. Doc. #1. This matter comes before the Court on Defendant Snap-on Equipment, Inc.'s Motion To Dismiss For Improper Venue (Doc. #8) filed July 30, 2010. For the reasons stated below, the Court sustains defendant's motion to dismiss.

## Legal Standards

The Court considers a motion to dismiss for improper venue under Rule 12(b)(3), Fed. R. Civ. P. See Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 956 (10th Cir. 1992). Plaintiff bears the burden of establishing that venue is proper and all factual disputes are resolved in plaintiff's favor. Black & Veatch Constr., Inc. v. ABB Power Generation, Inc., 123 F. Supp. 2d 569, 572 (D. Kan. 2000). In ruling on the motion, the Court may consider matters outside the pleadings without converting it to a motion for summary judgment. Black & Veatch, 123 F. Supp. 2d. at 572; Topliff v. Atlas Air, Inc. 60 F. Supp. 2d 1175, 1176 (D. Kan. 1999).

**Facts**

Steve Streit is a sole proprietor who runs a business in Salina, Kansas under the trade name S & S Motors. Snap-on Equipment, Inc. is a Delaware corporation with its principal place of business in Wisconsin.[1] On January 17, 2008, Streit entered into a contract with Snap-on Equipment to purchase vehicle alignment equipment including a vehicle lift and wheel balancer. The contract is memorialized in a two-page "Sale Agreement." The first page of the agreement, directly above plaintiff's signature, states as follows:

> BUYER ACKNOWLEDGES THAT IT HAS READ THIS SALE AGREEMENT, UNDERSTANDS IT AND AGREES TO BE BOUND BY THE TERMS AND CONDITIONS SET FORTH ON PAGES 1 AND 2 SIDES HERE OF, INCLUDING WARRANTY, DISCLAIMER, AND LIMITATION OF LIABILITY.

Snap-on Equipment, Inc.'s Brief In Support Of Its Motion To Dismiss For Improper Venue (Doc. #9) at 2 (all capitals in original); Sale Agreement, Ex. 1 attached to Doc. #1 (hereinafter "Sale Agreement"). The second page of the agreement, which plaintiff alleges he never received, contains many of the terms and conditions that govern the parties' agreement. It states, in part, as follows:

> BUYER FURTHER AGREES THAT ANY ACTION TAKEN BY BUYER AGAINST SELLER RELATING TO THIS AGREEMENT OR ANY PROVISIONS, RIGHTS OR REMEDIES HEREOF SHALL BE TAKEN ONLY IN THE COURTS OF THE STATE OF WISCONSIN AND SHALL NOT BE TAKEN IN ANY OTHER JURISDICTION.

Doc. #9 at 2 (all capitals in original); Sale Agreement.

Streit sued Snap-on Equipment for breach of contract and breach of warranties, and for

---

[1] Defendant's notice of removal does not state that it is incorporated in Delaware, but simply states that it "is a corporation with citizenship for diversity purposes located in the State of Wisconsin." Plaintiff's petition alleges that defendant is a "foreign corporation which is authorized to do business in the state of Kansas." His response to defendant's motion to dismiss states that defendant is "a Delaware corporation." Streit's Response To Motion To Dismiss For Improper Venue (Doc. #10) at 5. Defendant's reply does not refute or deny being a Delaware corporation.

2

violating the Kansas Consumer Protection Act, in the District Court of Saline County, Kansas. Petition at 1, 3-6. Snap-on Equipment removed the case to federal court and now asks this Court to dismiss the action for improper venue based on the forum selection clause on the second page of the parties' agreement. Doc. #8. Defendant asserts that a Wisconsin court is the only proper forum for this action. Doc. #8 ¶ 3.

## Analysis

For purposes of this motion, the Court must accept as true plaintiff's assertion that he did not receive the second page of the Sale Agreement, which contained the forum selection clause, when he signed the form. See Black & Veatch, 123 F. Supp. 2d at 577 (all factual disputes resolved in plaintiff's favor on motion to dismiss for improper venue). The Court, therefore, faces two questions: (1) whether the forum selection clause is part of the parties' agreement and, if so, (2) whether the clause is valid and requires dismissal.

**I.    Page Two Of Sale Agreement**

A federal court exercising diversity jurisdiction must apply state law to determine whether a forum selection clause is part of the parties' agreement. Black & Veatch, 123 F. Supp. 2d at 577; M.K.C. Equip. Co. v. M.A.I.L. Code, Inc., 843 F. Supp. 679 (D. Kan. 1994). To determine which state's law to apply, the Court looks to the choice of law rules of the state in which it is sitting. Shearson Lehman Bros., Inc. v. M & L Invs., 10 F.3d 1510, 1514 (10th Cir. 1993). Under Kansas law, the law of the state where a contract is formed governs the contract, unless the parties properly agree to apply the law of a different state. Black & Veatch, 123 F. Supp. 2d at 577; Heatron, Inc. v. Shackelford, 898 F. Supp. 1491, 1499 (D. Kan. 1995). Here, plaintiff indicates (but does not expressly state) that the contract was formed in Kansas. See Petition ¶ 14. Defendant does not state

3

where the contract was formed, but asserts that Wisconsin law should govern because the Sale Agreement states that the contract is "deemed to have been made in Kenosha, Wisconsin." Doc. #9 at 2-3. This provision appears on page two of the agreement, however, and its enforceability is therefore at issue. This dilemma is easily avoided because Wisconsin and Kansas law each allow contract terms to be incorporated by reference. See Sw. Nat'l Bank v. Simpson & Son, Inc., 14 Kan. App. 2d 763, 770, 799 P.2d 512, 518-19 (1991); Martinson v. Brooks Equip. Leasing, Inc., 36 Wis. 2d 209, 217, 152 N.W.2d 849, 853 (1967).[2]

Under both Kansas and Wisconsin law, a document that is not present when parties enter a contract may nevertheless be incorporated by reference so long as the contract clearly identifies the document to be incorporated and the parties intend to incorporate it. See Sw. Nat'l Bank, 14 Kan. App. 2d at 770, 799 P.2d at 518-19 (contract incorporated document A201 even though A201 not signed or present when contract formed, where contract stated: "Use only with the 1976 edition of AIA document A201"); Martinson, 36 Wis. 2d at 217, 152 N.W.2d at 853 ("plans to be submitted by National Pool Company" incorporated by reference even though the plans did not exist

---

[2] Defendant first raised the incorporation-by-reference argument in its reply. Typically, the Court would not consider new arguments raised in a party's reply. See Mondaine v. American Drug Stores, Inc., 408 F. Supp. 2d 1169, 1202-03. Where the nonmoving party does not seek leave to respond to new arguments in the reply within a reasonable amount of time, however, the Court may consider such arguments. See Pippin v. Burlington Res. Oil & Gas Co., 440 F.3d 1186, 1192 (10th Cir. 2006) (month-and-a-half sufficient time for nonmoving party to request leave to file surreply). Here, plaintiff has had more than two months to respond to defendant's new argument.

Defendant also filed its reply 12 days late without leave of court. D. Kan. Rule 7.4 provides that "[a]bsent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum." On this occasion, because the delay was relatively short and did not prejudice plaintiff, and because plaintiff did not ask the court to disregard defendant's reply, the Court will not disregard it. See Zhu v. St. Francis Health Ctr., 413 F. Supp. 2d 1232, 1242 (D. Kan. 2006).

4

when parties entered contract). Here, page one of the Sale Agreement clearly, in all capital letters directly above plaintiff's signature, incorporated page two of the agreement. See Sale Agreement ("BUYER . . . AGREES TO BE BOUND BY THE TERMS AND CONDITIONS SET FORTH ON PAGES 1 AND 2 SIDES HERE OF . . . ."). Plaintiff argues that page two is not incorporated because he did not intend to assent to its terms and conditions. Plaintiff's subjective intent, however, cannot trump his objective assent to both pages of the contract when he signed page one. See Sw. Nat'l Bank, 14 Kan. App. 2d at 770, 799 P.2d at 518-19; Martinson, 36 Wis. 2d at 217, 152 N.W.2d at 853. Therefore, page two of the agreement is incorporated into the parties' contract.

**II.     Forum Selection Clause**

Because the forum selection clause is incorporated by reference into the parties' contract, the next question is whether the clause is valid and enforceable. A federal court exercising diversity jurisdiction determines the application of a forum selection clause under federal law. Black & Veatch, 123 F. Supp. 2d at 577. Forum selection clauses are prima facie valid and should be enforced unless a party can show that enforcement would be unreasonable or unjust. Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). Plaintiff therefore bears a heavy burden to overcome the forum selection clause. Id. at 14. Freely negotiated forum selection clauses that are "unaffected by fraud, undue influence, or overweeneing bargaining power" are enforceable. Id. at 12. An enforceable forum selection clause must "clearly confine litigation to specific tribunals at the exclusion of all others." SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 582 (10th Cir. 1997).[3]

---

[3] Courts often categorize forum selection clauses as mandatory or permissive. Excell, Inc. v. Sterling Boiler & Mech., 106 F.3d 318, 321 (10th Cir. 1997). Here, the clause is mandatory
(continued...)

Plaintiff argues that enforcement of the forum selection clause would be unjust and unreasonable because (1) the parties have unequal bargaining power, (2) he is a sole proprietor in Kansas and cannot afford to maintain out-of-state litigation in Wisconsin, (3) the forum selection clause does not apply to his Kansas Consumer Protection Act claims and (4) Wisconsin has no reasonable relation to the lawsuit. Doc. #2-5.

### A. Bargaining Power

Plaintiff asserts that the parties' inability to agree on whether page two of the Sale Agreement is incorporated by reference is proof of unequal bargaining power. Doc. #10 at 2. Adverse and irreconcilable litigation positions, however, are not proof of unequal bargaining power. Plaintiff also argues that if the contract includes both pages of the agreement, it is an adhesion contract. Doc. #10 at 2-3. An adhesion contract is a standardized contract offered to consumers on a take-it-or-leave-it basis without giving the consumer a realistic opportunity to bargain, and under such conditions that the consumer cannot get the desired product or service except by acquiescing to the seller's terms. Time Warner Enter. Co. v. Atriums Partners, 232 F. Supp. 2d 1257, 1264 (D. Kan. 2002); Associated Bank Nat'l Ass'n v. Byrne, No. 09-CV-511, 2010 WL 1507177, at *2 (E.D. Wis. April 12, 2010). Plaintiff does not allege facts which suggest that this transaction involved an overbearing seller and a powerless buyer, as opposed to an arm's-length commercial transaction between two businesses. Moreover, plaintiff does not assert that he could not obtain the equipment he needed unless he acquiesced to defendant's terms. Regardless, a forum selection clause in an adhesion contract is not necessarily unenforceable. See Carnival Cruise Lines, Inc. v. Shute,

---

[3](...continued)
because it states that plaintiff may only bring an action in the courts of the State of Wisconsin, and no other court.

6

499 U.S. 585, 587-88 (1991) (forum selection clause in "truly nonnegotiated contract" enforceable).

### B. Cost And Inconvenience Of Litigating In Wisconsin

Plaintiff argues that enforcing the forum selection clause would "work a substantial hardship and distress" on him and "effectively deny him any avenue of relief" because he cannot afford to leave his business in Kansas to litigate his claims in Wisconsin. Doc. #10 at 3. As defendant notes, plaintiff offers no evidence that litigating his claim in Wisconsin will be substantially more expensive or difficult than litigating in Kansas. Doc. #11 at 4. Regardless of where the case is pending, plaintiff will be required to respond to discovery requests and will likely have to give a deposition, which could be conducted in Salina at plaintiff's convenience. If plaintiff's case goes to trial, plaintiff may have to close his business to attend the proceedings, but the same is true whether trial is in Kansas or Wisconsin. Granted, plaintiff likely will be more inconvenienced if forced to litigate his case in Wisconsin, but "some inconvenience" is insufficient to render a forum selection clause unreasonable. Double A Home Care, Inc. v. Epsilon Sys., Inc., 15 F. Supp. 2d 1114, 1117 (D. Kan. 1998) (forum selection clause should be enforced unless forum selected is so "manifestly and gravely inconvenient" as to deny plaintiff his day in court).

### C. Kansas Consumer Protection Act Claims

Plaintiff argues that his Kansas Consumer Protection Act ("KCPA") claims are not governed by the forum selection clause because they are statutory, not contract-based, claims. Doc. #10 at 3-4. The forum selection provision, however, governs any action "relating to [the] agreement." A similar provision was at issue in Billings, M.D. v. Clinitec Int'l, Inc., No. 00-1236-JTM, 2000 WL 1072167, at *2 (D. Kan. July 25, 2000). In that case, the forum selection clause stated that "[a]ny cause or action arising out of or related to this Agreement" could only be brought in Pennsylvania

7

courts. Billings, 2000 WL 1072167, at *2. In Billings, Judge J. Thomas Marten concluded that the forum selection clause covered plaintiff's KCPA claims and that plaintiff would have to attempt to bring those claims in a Pennsylvania court. Id. at *2-3. The same is true here. This does not necessarily foreclose plaintiff's KCPA claims; it simply means that plaintiff will have to litigate the choice of law question in the proper forum – a Wisconsin court. See Billings, 2000 WL 1072167, at *2 (KCPA claims dismissed under forum selection clause; court directed plaintiff to bring claims in proper Pennsylvania forum); cf. Stone St. Servs., Inc. v. Daniels, No. 00-1904, 2000 WL 1909373, at *4 (KCPA trumps choice of law provision selecting Pennsylvania law based on "strong public policy"); Henderson v. U.S. Bank, N.A., 615 F. Supp. 2d 804, 809 (E.D. Wis. 2009) (Wisconsin courts apply "grouping of contacts" rule to determine which state's law should govern contracts; law of state with most significant relationship to contract governs); State Farm Mut. Auto Ins. Co. v. Gillette, 251 Wis. 2d 561, 577, 641 N.W.2d 662, 670-71 (2002) (same).[4] Therefore, the Court reaches the same result as in Billings: plaintiff must bring his KCPA claims in Wisconsin, the forum which the parties chose.[5]

### D. Relationship To Wisconsin

Plaintiff argues that the limited relationship between the contract and Wisconsin make the forum selection clause unreasonable. He notes that although defendant may have corporate offices in Wisconsin, the Sale Agreement form indicates that defendant is located in Conway, Arkansas, and

---

[4] The Court need not, and does not, decide whether the parties' forum selection clause limits the proper forum for plaintiff's claims to Wisconsin state court or if a Wisconsin federal district court would also be a proper forum.

[5] Defendant concedes that nothing would prevent plaintiff from asserting his KCPA claims in Wisconsin. Doc. #11 at 6.

that defendant is incorporated in Delaware.  That defendant may have offices in locations outside of Wisconsin cannot alone overcome the parties' forum selection agreement.

Plaintiff has not met his heavy burden of showing that defendant induced plaintiff to sign the agreement by fraud, undue influence or overwhelming bargaining power, or that the forum selection clause was unreasonable or unjust.  See Bremen, 407 U.S. at 10, 12, 14.  The Court therefore finds that the forum selection clause is enforceable and sustains defendant's motion to dismiss for improper venue.

**IT IS THEREFORE ORDERED** that Defendant Snap-on Equipment, Inc.'s Motion To Dismiss For Improper Venue (Doc. #8) filed July 30, 2010 be and hereby is **SUSTAINED**.  All claims against Snap-on Equipment, Inc. are hereby dismissed without prejudice.

Dated this 6th day of December, 2010 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge